## VAN BUSKIRK *v.* WARREN.

December, 1865.

[Affirming 34 *Barb.* 457 ; 13 *Abb. Pr.* 145.]

An assignment direct to creditors, to secure to them their particular demands is not an assignment in trust, and is not void as creating a trust for the grantor, contrary to 2 *R. S.* 135, § 1.

Upon an assignment made direct to a party having a beneficial interest

under it, the presumption is that he accepts it. Affirmative proof of acceptance is not required, but the party impeaching it must disprove. acceptance.

A transfer of chattels is not absolutely void as against creditors if unaccompanied by an immediate change of possession. Want of delivery raises a presumption of fraud, and the burden of proof to rebut the presumption is on the party claiming under the transfer.

Morris S. Van Buskirk and others brought action against Joseph M. Warren, and Charles W. Tillinghast, and also against Hannibal Green, for wrongfully taking, detaining, and converting forty-one safes, the property of the plaintiffs.

On November 3, 1857, John W. Bates, a resident of this state, executed and delivered to the plaintiffs, his creditors, who were also, with one exception, residents of this state, an assignment in good faith, to secure their claims, transferring certain property owned by him, a part of which consisted of iron safes, then in the assignor's store in Chicago, Illinois. Three days subsequent to this assignment, and without knowledge or notice of it, and before the assignees had taken possession of the safes, the defendants, who were also creditors of the assignor, and also residents of this state, by processes of attachment, duly issued pursuant to the laws of the state of Illinois, attached and levied upon said safes. Subsequently, notice of the assignment was given them, and a demand made for the safes by the assignees, which demand was refused. The actions under which the attachments were made were prosecuted to judgment, and the safes sold under executions duly issued.

Thereupon the assignees commenced these actions to recover the value of the property.

In each of the actions judgment was rendered for the plaintiffs, and affirmed on appeal to the general term. The defendants appealed to this court.

*D. L. Seymour* and *A. J. Parker,* for defendants, appellants.

*John B. Gale,* for plaintiffs, respondents.

BY THE COURT.—POTTER, J.—The first question to be considered in these cases is, whether the sale of the iron safes by

Bates to the plaintiffs, on November 2, 1857, was a valid sale. It is urged that the sale was by a voluntary written assignment in trust to pay creditors, and that such assignment is void upon its face, by virtue of the provisions of our statute. 2 *R. S.* 135, § 1. There is no express trust created in the instrument in question, nor is it a general assignment in trust for the benefit of the creditors of the assignor. I am unable to distinguish this instrument, in effect, from that in the case of Leitch *v.* Hollister, 4 *N. Y.* 211. It is an assignment to creditors *themselves*, for the purpose of securing their particular demands. Neither the statute nor the principle contended for applies to such a case. If, after the payment of the particular demands it was intended to secure, there should remain over a surplus, such surplus can be reached by any other creditor, by creditor's bill, by attachment, and, perhaps, in some cases, by redemption. The conveyance is, in effect, a mortgage. If there was any trust whatever, it was not direct but incidental. It does not appear, from the face of the instrument, that a trust was the object of it ; and, if the instrument had provided, in terms, that the surplus should be returned to the assignor, it would have been but the expression of what the law itself implies, and it would not, for that reason, have been void under the provisions of the statute referred to. Instead of showing a design on its face to withdraw his property from his creditors, it was the direct application of it to that object ; and a preference among creditors for this purpose, even when the assignor is insolvent, is not fraud *per se.* The several modern cases in this court, of Curtis *v.* Leavitt, 15 *N. Y.* 9 ; Leavitt *v.* Blatchford, 17 *Id.* 521 ; Dunham *v.* Whitehead, 21 *Id.* 131 ; have clearly settled the law upon this point against the defendants. Nor can this court hold the assignment to be fraudulent in fact. The finding of the judge at the circuit upon this point, not being reversed by the general term, is conclusive. If we are right in these views, much of the argument upon the character of the instrument and the intent of the assignor in *law* and in fact is disposed of.

It is also insisted that if the assignment be not void on its face, still, that the title to the property did not pass to the assignees before the levy by the defendants' attachments, three

days after the assignment, as there was no evidence of the plaintiffs' acceptance of the assignment before the attachments were levied. Whatever may be the common law rule in this respect, in regard to voluntary assignments in trust, where the assignee has no beneficial interest, it is not the rule where the assignment is directly *to* a party having a direct beneficial interest in the acceptance of the assignment. In such case, *prima facie*, the assignee accepts the title, Townson *v.* Tickell, 3 *Barn. & Ald.* 31, and the *onus* is upon the party claiming in hostility, to show that there never was an acceptance. Nicholl *v.* Mumford, 4 *Johns. Ch.* 522, 528 ; Moir *v.* Brown, 14 *Barb.* 39, 45. There is no provision in the statute in relation to fraudulent contracts, 2 *R. S.* 136, § 5, that makes instantaneous delivery an indispensable element to a valid sale, that would make void a sale of goods and chattels, or prevent the title thereto from passing to the vendee, even if unaccompanied by immediate possession. As against the creditors of the party making the assignment, or subsequent purchasers in good faith, it is *presumptively* fraudulent. It throws a suspicion upon the transaction, which casts the burden of proof upon the assignee to overcome. If he does overcome this presumption, if he satisfies a jury or a court, of fairness and of good faith ; if he makes it appear that the sale was made without any intent to defraud such creditors or purchasers ; he shows a valid sale, and the title will have passed thereby. The finding of this court settles this question of good faith. The plaintiffs overcame this legal presumption to the satisfaction of the court below, and we are not at liberty here to question that finding. When the title passed to the plaintiffs, according to the statutes of this state, the defendants were not creditors within the meaning and intent of this statute. They were merely creditors at large ; they did not bring themselves within the class of persons who had a right to attack the assignment. It being thus a valid assignment in fact, and it being already shown that upon its face it is not obnoxious to the charge of creating a trust for the benefit of the assignor, or of delaying, hindering, or defrauding the creditors of the assignor, we proceed to examine the next point in the case, which I regard as the most important one to be decided.

[This discussion is omitted, as the judgment was reversed upon this point in the supreme court of the United States.*]

If we are correct in these views the judgment should be affirmed.

All the judges concurred.

Judgment affirmed.

---

* Upon this point the opinion of the court was to the effect that no question was raised under the provision of the Constitution and act of 1790, giving full faith and credit in each state to judicial proceedings of the others; but that the case must be determined by the application of the settled principle that a voluntary conveyance for valid consideration, according to the law of the grantor's domicil, will pass his personal estate everywhere; and that an action for an injury affecting personal estate was not within the rule that a personal action for tort committed abroad does not lie unless the act was unlawful by the law of the place where committed.

Upon a writ of error, the supreme court of the United States held [reported under the name of Green *v.* Van Buskirk, 3 *Wall.* 458 ; 5 *Id.* 307 ; 7 *Id.* 189] that the effect of such attachment proceedings is within that provision of the Constitution ; and that giving those proceedings full faith and credit in New York made them a defense justifying the conduct of the attaching creditor ; and that the fiction by which the law of the owner's domicil governs the validity of his transfer of personal property situated elsewhere, is a principle of comity which must yield whenever the laws and policy of the state where the property is situated have prescribed a different rule of transfer from that of the state where the owner lives. The judgment affirmed by the court of appeals was, therefore, reversed by the supreme court of the United States.